UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| INA CROW DOG,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | 3:15-CV-03007-RAL<br><br><br>OPINION AND ORDER<br>FOR DISMISSAL |

Plaintiff Ina Crow Dog ("Crow Dog") pleaded guilty to one count of sexual abuse and received a sentence of 72 months in prison, five years of supervised release thereafter, and a $100 special assessment. United States v. Crow Dog, 12-CR-30034-02-RAL, Docs. 180, 228, 230, 291.[1] Crow Dog did not appeal this Court's judgment. Meanwhile, Crow Dog's co-defendant Anthony Fast Horse ("Fast Horse") went to trial, was found guilty on the same count of sexual abuse, and received a sentence of 192 months in prison. CR Docs. 202, 236. Fast Horse appealed, had his conviction vacated, was retried, and was found not guilty by a second jury. Docs. 249, 250, 305.

After Fast Horse's acquittal, on April 7, 2015, more than two years after Crow Dog's sentencing from which she did not appeal, Crow Dog wrote a letter to this Court, which this Court directed to be filed as a 28 U.S.C. § 2255 motion, thereby opening this case. CIV Docs. 1, 2.[2] This Court further directed the Clerk of Court to send to Crow Dog the form for filing a § 2255 motion, which Crow Dog completed and returned on June 29, 2015. CIV Doc. 4. Because Crow Dog's §

---

[1] Documents filed in Crow Dog and Fast Horse's criminal cases will be cited as "CR Doc." Followed by the docket number from 12-CR-30034-RAL.
[2] Documents filed in this case will be cited as "CIV Doc." followed by the docket number from this case—15-CV-3007-RAL.

1

2255 motion was filed beyond the one-year time limitation set by 28 U.S.C. § 2255(f), Crow Dog's motion must be denied.

I.   **Factual Summary**

Crow Dog and her spouse Fast Horse were indicted on five counts of sexual abuse involving two separate women. CR Doc. 3. Crow Dog entered into a Plea Agreement whereby she agreed to plead guilty to Count IV of the Indictment in exchange for the Government's agreement to dismiss all remaining counts, to refrain from filing other charges such as for witness tampering, and to recommend a sentence at the low end of the advisory guideline range. CR Doc. 180. Crow Dog signed an amended Factual Basis Statement, by which she admitted:

> On or between the 1st day of December, 2010, and the 31st day of December, 2010, at Rosebud, in Todd County, in Indian country, in the District of South Dakota, Anthony Fast Horse and Ina Crow Dog, Indians, did knowingly engage in and attempt to engage in a sexual act, that is, the contact between Anthony Fast Horse's penis and Quintina Little Elk's vulva, when at the time Quintina Little Elk was incapable of appraising the nature of the conduct and was physically incapable of declining participation in and communicating an unwillingness to engage in the sexual act, and did aid and abet each other in committing the offense in violation of 18 U.S.C. §§ 1153, 2242(2), 2246(2)(A) and 2.
> On or between the 1st day of December, 2010, and the 31st day of December, 2010, the victim was with the Defendants at their home. The victim was drinking with the Defendant and others, and fell asleep/passed out on a bed in the bedroom wearing pants, panties, and shoes. She awoke face up with her pants, panties and shoes removed, and with Defendant Fast Horse on top of her. Defendant Fast Horse was engaged in a sexual act with victim, that is the penetration of the victim's vulva by the Defendant Fast Horse's penis. Defendant Crow Dog was lying next to the victim, telling the victim to "let it happen;" Defendant Crow Dog was also petting the victim's hair.
> That the Defendant is an "Indian" under the provisions of 18 U.S.C. § 1153 in that she is an enrolled member of the Rosebud Sioux Tribe, enrollment number 345U0021769, and is 4/4 degree Indian by blood, and that the offense occurred in Rosebud, in Todd County, South Dakota, in Indian country, which is within the exterior boundaries of the Rosebud Sioux Tribe Indian Reservation. This location is "Indian country" within the provisions of 18 U.S.C. §§ 1151 and 1153.

CR Doc. 181.

Crow Dog appeared at a change of plea hearing on November 5, 2012, during which she was placed under oath and questioned by this Court to determine if she was competent and was

2

voluntarily and knowingly changing her plea. CR Doc. 291. Among other things, Crow Dog acknowledged reading, understanding, and signing her plea agreement. CR Doc. 291 at 15. Crow Dog had made a date correction on an earlier factual basis statement, CR Doc. 181, so this Court asked her about the factual basis statement containing the date change made at Crow Dog's request. CR Doc. 291 at 16–17; compare CR Doc. 181, with CR Doc. 167. The colloquy included the following:

> THE COURT: All right. The Court would like to give you, Ms. Crow Dog, the opportunity to read over the factual basis statement before the Court asks questions concerning it. The Court is aware that you've signed it, but with there being two different factual basis statements you've signed, the Court wants you to read this one, the one Mr. Arendt has in front of you, the more recent one. Would you please take the time to go ahead and read that.
>
> (Short pause in proceedings.)
>
> THE COURT: Did you read through that?
>
> THE DEFENDANT: Yes, I did, Your Honor.
>
> THE COURT: Did you sign that factual basis statement on page three of the document?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: Did you carefully read and understand the factual basis statement and go over it with Mr. Arendt before signing it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Is the factual basis statement, the one dated November 5, 2012, completely accurate?
>
> THE DEFENDANT: Yes.

CR Doc. 291 at 16–17.

Crow Dog twice told this Court that she was satisfied with the counsel, advice, and representation provided by her attorney. CR Doc. 291 at 4–5, 18. Crow Dog told the Court that she was pleading guilty because she wanted to do so. CR Doc. 291 at 6, 18. Crow Dog pleaded guilty

3

and told this Court that she was in fact guilty of the offense to which she pleaded guilty. CR Doc. 291 at 19–20.

This Court sentenced Crow Dog on February 4, 2013, and entered judgment the next day. CR Docs. 228, 230. Crow Dog did not appeal.

Between the time Crow Dog pleaded guilty and the date of her sentencing, Fast Horse went to trial on the sexual abuse charges. Fast Horse's defense was that he had not engaged in any sexual act with either of the alleged victims. Crow Dog did not testify at Fast Horse's trial. Fast Horse had been charged with crimes under 18 U.S.C. § 2242, which makes it a crime for a person who "knowingly—(2) engages in a sexual act with another person if that person is—(A) incapable of appraising the nature of the conduct; or (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." At Fast Horse's trial, this Court gave an instruction on the elements of sexual abuse as defined in 18 U.S.C. § 2242(2) that had been given previously in the District of South Dakota and that appeared to be consistent with then-existing Eighth Circuit precedent. See United States v. Betone, 636 F.3d 384, 387 (8th Cir. 2011); United States v. Wilcox, 487 F.3d 1163, 1169 (8th Cir. 2007); United States v. Barrett, 937 F.2d 1346, 1348 (8th Cir. 1991). Specifically, this Court's instruction on the elements of § 2242(2) with respect to the count of conviction was as follows:

> The crime of Sexual Abuse, as charged in Count IV of the indictment, has five elements, which are:
>
> ***One***, **that on or about the 1st day of December, 2010, and the 31st day of December, 2010, Anthony Fast Horse engaged in a sexual act with Quintina Little Elk;**
>
> ***Two***, **that at the time of such act, Quintina Little Elk was incapable of appraising the nature of the conduct or was physically incapable of declining participation in, or communicating her unwillingness to engage in, that sexual act;**
>
> ***Three***, **that Mr. Fast Horse committed such act knowingly;**
>
> ***Four***, **that Mr. Fast Horse is an Indian; and**

4

> ### *Five*, that the offense took place in Indian Country
>
> If all of these elements have been proved beyond a reasonable doubt as to the Defendant, then you must find the Defendant guilty of the crime charged in Count IV of the indictment, otherwise you must find the Defendant not guilty of this crime.

CR Doc. 201 at 10. Fast Horse objected only to the absence of consent not being included in this instruction; that objection was overruled because absence of consent was contained in another instruction. CR Doc. 239-1 at 150–52. The jury, on November 8, 2012, found Fast Horse guilty of one count of sexual abuse and not guilty of the other four counts. CR Doc. 202. Fast Horse appealed. CR Doc. 234.

After Fast Horse's trial, the Eighth Circuit took up the question of whether the word "knowingly" in 18 U.S.C. § 2242 applies to the sexual act as the statute appears to read, or applies to the subdivisions regarding the victim's incapacity to appraise the nature of the sex act or consent. In an en banc decision, by a six-to-five majority, the Eighth Circuit determined that the word "knowingly" modifies not just the clause it precedes, but the remainder of the statute. United States v. Bruguier, 735 F.3d 754, 760–61 (8th Cir. 2013). Judge Diana Murphy noted the sea-change caused by the Bruguier decision with the following: "During the past ten years, the district courts of the Eighth Circuit have conducted thirty two trials in which defendants were charged with violating § 2242(2). In twenty nine of those trials, the jury instructions put the knowledge requirement on the perpetrator's awareness of the physical sexual act, and not knowledge of the victim's incapacity." Id. at 783 (Murphy, J., dissenting). Fast Horse then included an argument in his appeal that this Court committed plain error in the elements instruction, even though Fast Horse did not object to that portion of the instruction and even though it was never Fast Horse's defense that he engaged in a sexual act with Little Elk not knowing her to be incapable of appraising the nature of the act or unable to consent.

When the Eighth Circuit decided Fast Horse's appeal, on April 7, 2014, it noted that this Court's instruction was different from the one in Bruguier and drew no explicit objection as to mens rea at trial from either the Government or Fast Horse. United States v. Fast Horse, 747 F.3d 1040, 1041–42 (8th Cir. 2014). Nevertheless, the Eighth Circuit reversed in a two-to-one decision, prompting a dissent that began:

> The court vacates yet another conviction of a sexual aggressor who engaged in sexual intercourse with a woman who was passed out or asleep. The front of these reversals, United States v. Bruguier, 735 F.3d 754 (8th Cir. 2013) (en banc), held by the narrowest of margins that 18 U.S.C. § 2242(2) requires a jury to find that a perpetrator of sexual abuse acted with actual knowledge that his victim was incapacitated. The court's decision in this case, however, goes well beyond Bruguier. It dilutes the plain error standard of review and grants relief to a defendant, Anthony Fast Horse, who failed to object and cannot meet his burden of showing a clear error or prejudice based on a jury instruction that is materially different from the instruction in Bruguier. I would affirm the judgment.

Id. at 1045–46 (Colloton, J., dissenting).

At Fast Horse's second trial, the Government's case was necessarily different, presenting evidence only on the one count of sexual abuse on which Fast Horse had previously been convicted and not on the other counts of sexual abuse on which Fast Horse had been previously acquitted. Fast Horse's defense again was that he engaged in no sexual acts with Little Elk. The second jury found Fast Horse not guilty of the remaining sexual abuse charge on February 11, 2015. CR Doc. 305.

On April 7, 2015, this Court received a letter from Crow Dog in which she asked this Court "to humbly ask to review my case, by taking another look at the full context, as of April 1, 2015." CIV Doc. 1. Crow Dog claimed that her guilty plea was contrary to her desires. CIV Doc. 1. Crow Dog also asserted that she "always maintained [her] innocen[ce]" and pleaded guilty based upon her attorney's advice. CIV Doc. 1. This Court wrote back to Crow Dog on the same day as follows:

> I remember you and your case distinctly. Federal courts are courts of limited jurisdiction, and your request seems to be a 28 U.S.C. § 2255 motion alleging actual innocence and ineffective assistance of counsel, although I am concerned about the late timing of your request and whether it would have been made at all if Anthony Fast Horse was not acquitted at his second jury trial.

6

> I am asking that the Clerk of Court file your letter as a § 2255 motion and send you the correct form to be completed by you and returned, if you in fact want to so proceed. I also am copying the Assistant United States Attorney handling the Rosebud Sioux Indian Reservation cases, as I generally cannot have direct ex parte contact with only one side in a case before me.

CIV Doc. 2.

Crow Dog filed the form for a Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody ("Habeas Petition") on June 29, 2015. CIV Doc. 4. In her Habeas Petition, Crow Dog asserted that new evidence of Fast Horse's acquittal "would waive the one year bar at this time." CIV Doc. 4 at 6. Crow Dog listed two grounds for relief in her Habeas Petition: (1) "new evidence" that Fast Horse had been found not guilty of the sexual assault and thus that Crow Dog could not have assisted Fast Horse in the sexual assault; and (2) ineffective assistance of counsel in connection with the handling of her defense and guilty plea. CIV Doc. 4 at 7–8.

## II. Discussion

Under 28 U.S.C. § 2255, Crow Dog may seek relief from her sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Section 2255(f) sets a time limitation on filing any § 2255 motion by stating:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final; [or]
> . . .
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Crow Dog was sentenced on February 4, 2013, and judgment entered in her case on February 5, 2013. CR Docs. 228, 230. Crow Dog had until February 19, 2013 to file her notice of appeal under Rule 4(b) of the Federal Rules of Appellate Procedure. She did not appeal, so her conviction became final on February 19, 2013.

This Court filed Crow Dog's letter received April 7, 2015, as a § 2255 case, and Crow Dog's actual standard form Habeas Petition filed June 29, 2015 is deemed to relate back to the April 7, 2015 filed letter. Crow Dog's letter and § 2255 motion were filed more than two years after her conviction was final. Thus her petition is time barred under 28 U.S.C. § 2255(f), unless one of the exceptions applies.

Crow Dog invokes "new evidence" in the form of Fast Horse's acquittal in February of 2015 to assert that the limitation period ought not to apply to her Habeas Petition. CIV Doc. 4 at 6–7. Fast Horse's acquittal was a new development, but is not "new evidence." "To be entitled to invoke the statute of limitations contained in section 2255(f)(4), [the Eighth Circuit] ha[s] said that a petitioner must show the existence of a new fact, while also demonstrating that [s]he acted with diligence to discover the new fact." Deroo v United States, 709 F.3d 1242, 1245 (8th Cir. 2013) (quoting Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008)). Section 2255(f)(4) does not apply because Crow Dog's motion does not rely on new evidence; it relies on a new jury's assessment of the more limited evidence presented in a second trial on Fast Horse's conduct. Fast Horse previously had been convicted by a jury of the sexual abuse count on which Crow Dog pleaded guilty, and his subsequent retrial and acquittal does not qualify as "new evidence." An acquittal by a jury is not a proclamation of innocence; rather, it's a determination that the government failed to meet its burden. See Arroyo v. Williams, No. 08-CV-971 (GLS/DRH), 2011 WL 2580377 at *8 (N.D.N.Y. Mar. 24, 2011) (finding acquittal of codefendant had no impact on court's denial of § 2254 petition). "The simple fact of a codefendant's acquittal does not draw into question the sufficiency of the evidence against a defendant." United States v. Ndiaye, 318 F. App'x. 621, 624 (10th Cir. 2008) (citing United States v. Nichols, 374 F.3d 959, 970–71 (10th Cir. 2004)); see also Nichols, 374 F.3d at 970–71 ("[A] jury acquittal may simply be the result of the jury's 'mistake, compromise, or lenity,' rather than a conclusion that the codefendants are not guilty beyond a reasonable doubt." (quoting United States v. Powell, 469 U.S. 57, 64 (1984), judgment vacated on

8

other grounds by Nichols v. United States, 543 U.S. 1113 (2005))). Therefore, the acquittal of Fast Horse does not provide new evidence required by § 2255(f)(4) to avert application of the one-year statute of limitations.

Crow Dog's remaining claim is ineffective assistance of trial counsel coupled with a contention now that she is innocent. Crow Dog certainly was aware of her guilt or innocence within a year of her conviction becoming final. Crow Dog likewise was aware of any claimed ineffective assistance of her counsel within a year of her sentence becoming final. Crow Dog's contentions now are directly contradicted by her sworn testimony during her change of plea hearing where she expressed satisfaction with the work of her attorney, confirmed the accuracy of a factual basis statement making her guilt clear, and pleaded guilty because she was in fact guilty according to her testimony. CR Doc. 291.

### III. Conclusion

The acquittal of Fast Horse while co-defendant Crow Dog serves times is an apparent injustice, but that is a consequence of the Eighth Circuit's decision and a second jury's verdict. This Court must act pursuant to its statutory authority, and § 2255(f) and prevailing case law require this Court to dismiss Crow Dog's Habeas Petition as time barred.

When a district court denies a § 2255 motion, the movant may not appeal without a certificate of appealability. See 28 U.S.C. § 2253. To obtain a certificate of appealability, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" in these circumstances is a showing where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Crow Dog cannot make a substantial showing of the denial of a constitutional right and therefore a certificate of appealability will not issue.

Therefore, it is hereby

9

ORDERED that Crow Dog's Habeas Petition, Doc. 4, is dismissed and that no certificate of appealability enters.

DATED this 26th day of January, 2016.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE